UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:14-CV-80815-ROSENBERG/BRANNON

VINCENZO GURRERA,

      Plaintiff,

v.

PALM BEACH COUNTY SHERIFF'S OFFICE;
FLORIDA DEPARTMENT OF FINANCIAL
SERVICES, DIVISION OF INSURANCE FRAUD;
STATE OF FLORIDA DIVISION OF CORPORATIONS;
CITY OF BOYNTON BEACH; JOHN CARDASCIA,
Individually, and in his official capacity as a member of the
Palm Beach County Sheriff's Office; STACEY SPIRN,
Individually, and in her official capacity as an
Investigator for the State of Florida Department of
Financial Services, Division of Insurance Fraud; RIC
BRADSHAW, in his official capacity as the Sheriff of
Palm Beach County; and JEFF ATWATER, in his
Official capacity as CFO of the State of Florida
Department of Financial Services,

      Defendants.
_____/

ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant Stacey Spirn's Motion to Dismiss [DE 25].

The Motion has been fully briefed.  As the Court is fully advised in the premises, it is hereby

**ORDERED AND ADJUDGED**:

1.     Defendant's Motion to Dismiss, to the extent it is predicated upon the argument that Plaintiff's Complaint is noncompliant with Federal Rule of Civil Procedure 8 as an unintelligible or shotgun-style pleading is **DENIED**.  Defendant's argument that Plaintiff's Complaint fails to meet the short, plain statement requirement of Rule 8 is also **DENIED**.

2.     Defendant's Motion to Dismiss is **GRANTED** with respect to the following:

      a.  Accepting all of the facts in Plaintiff's Complaint as true, Defendant Spirn is entitled to qualified immunity as to Counts V, VI, IX, X, XI, XII, XIII, XVI, XVII, and XIX.   Although Plaintiff's Complaint is rife with allegations against Spirn, the vast majority of these allegations are conclusory without supporting facts.  Although Plaintiff's Complaint does contain some factual allegations that Plaintiff argues precludes Spirn from qualified immunity, these allegations are premised upon the charge that Spirn prepared false probable cause affidavits.   Plaintiff argues that Spirn's probable cause affidavits were false by attaching to his Complaint transcripts of the witness interviews that were used, by Spirn, to generate the probable cause affidavits.   After reviewing the transcripts and comparing those transcripts with the probable cause affidavits, the Court finds that the content of the probable cause affidavits does not preclude Spirn from asserting qualified immunity.  Stated another way, the Court finds that even accepting Plaintiff's allegations as true: (i) Spirn did not, by authoring the probable cause affidavits, knowingly violate a law, (ii) Spirn's probable cause affidavits did not violate a clearly established right, and (iii) that a reasonable officer would not have believed that Spirn's alleged actions would have violated a constitutional right or have been otherwise unlawful.  *Franklin v. Curry*, 738 F.3d 1246, 1249 (11th Cir. 2013); *Whittier v. Kobayashi*, 581 F. 3d 1304, 1308 (11th Cir. 2009).  As Plaintiff's remaining allegations are conclusory or otherwise inapplicable, Counts V, VI, IX, X, XI, XII, XIII, XVI, XVII, and XIX are **DISMISSED** as to Defendant Spirn.

      b.  Accepting all of the facts in Plaintiff's Complaint as true, Defendant Spirn is immune from suit as to Counts II, IX, X, XI, XII, XIV, XV, and XVI, because, under Florida's Sovereign Immunity Act, law enforcement officers are entirely immune from suit unless they "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."   FLA. STAT. § 768.28(9)(a).  Bad faith under the statute has been equated to a standard of actual malice.  *See Bloom v. Alvereze*, 498 F. App'x 867, 881-882 (11th Cir. 2012).  Plaintiff's argument on this point is again primarily premised upon Spirn's preparation of the probable cause affidavits referenced above and, after reviewing the transcripts and probable cause affidavits, the Court finds that (with respect to the non-conclusory allegations) Spirn's alleged actions were not undertaken in bad faith or with actual malice as a matter of law.   As Plaintiff's remaining allegations are conclusory or otherwise inapplicable, Counts II, IX, X, XI, XII, XIV, XV, and XVI are **DISMISSED** as to Defendant Spirn.

      c.  Plaintiff's conspiracy claims, Count VI and Count VII, are deficient

because Plaintiff's Complaint is void of "particularized allegations" that would support the existence of a conspiracy for the purpose of depriving Plaintiff of a constitutional right.[1] *See Albra v. Ft. Lauderdale*, 232 F. App'x 885, 890-91 (11th Cir. 2007). Accordingly, Count VI and Count VII are **DISMISSED**.

3.      Defendant Spirn has also moved to dismiss Plaintiff's tortious interference claim, Plaintiff's intentional infliction of emotional distress claim, Plaintiff's prima facie tort claim, and Plaintiff's RICO claims on various grounds. As to these grounds Plaintiff's counter-arguments are nonresponsive. Although the Court has already dismissed these claims for the reasons set forth above, the Court finds Spirn's argument on these points to be persuasive and, in the event Plaintiff elects to file an amended complaint that raises these claims again, Plaintiff's amended complaint must directly address and resolve each point raised by Spirn in Spirn's motion to dismiss.

The instant motion to dismiss represents the third motion to dismiss that was filed in response to Plaintiff's Complaint. The Court has previously ruled on the first and second motions to dismiss filed by different Defendants. Pursuant to the Court's Order on the first motion to dismiss, it is therefore further

**ORDERED AND ADJUDGED** that Plaintiff shall file a motion for leave to file an amended complaint, together with an attached proposed amended complaint, within twenty (20) days of the date of rendition of this Order. The amended complaint **must comply with the three orders of dismissal entered by the Court on the three motions to dismiss**. Plaintiff shall, prior to filing the motion for leave to amend, confer with Defendants, pursuant to Local Rule 7.1(a)(3), in **a good faith effort** to draft an amended complaint that **complies with this Order and all prior orders**. In the event Defendants agree that Plaintiff's proposed amended complaint does not conflict with the orders of this Court, Plaintiff's motion for leave to amend complaint will so specify. In the event any Defendant does not so agree, that Defendant may file

---

[1] Although the Court in a previous Order [DE 48] declined to dismiss Count VI, the Court's decision at that time was premised upon a motion to dismiss which only briefly addressed this issue. After reviewing Defendant Spirn's argument on this matter in the instant Motion, the Court has decided to dismiss both Count VI and Count VII as to all Defendants.

an objection or a response to Plaintiff's motion for leave to amend and Plaintiff shall be required to explain, in his motion for leave to amend, why Plaintiff believes that Defendant's objections are improper or unfounded. In the event the Court grants Plaintiff's motion for leave to file an amended complaint, all Defendants shall be required to answer or file a responsive motion within ten (10) days of the date upon which the amended complaint is filed.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 12th day of January, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record